# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Cornelius Halmon (#2013-1119209), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14 C 5470 |
| | ) | |
| Terrance P. Baker, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter comes before the Court on the motion of Defendant Terrance P. Baker ("Baker") to dismiss the complaint of Plaintiff Cornelius Halmon ("Halmon"). For the reasons set forth below, Baker's motion to dismiss the complaint for failure to state a claim [#10] is denied. Baker is directed to answer or otherwise plead within twenty-one days of the date of this order.

## STATEMENT

The following well-pleaded facts are accepted as true for the purpose of the instant motion. Halmon, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Halmon claims that Baker, a jail physician, violated Halmon's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically,

1

Halmon alleges that he was denied care, treatment, and medications for a pre-arrest gunshot wound.

Halmon has been incarcerated at the Cook County Jail since November 19, 2013. Halmon arrived at the jail with a gunshot wound, which causes him a great deal of pain. Upon admission to the jail, Halmon underwent a health screening. He provided health care providers with a list of the medications he was taking. [The complaint does not specify what medications were prescribed, or even the nature of those medications; however, in his responses[1] to the motion to dismiss, Halmon clarifies that he was in need of pain medication.]

About four months later, Halmon had an appointment with Baker. Halmon told the doctor that he had not been receiving his prescribed medications, but Baker took no action. Halmon filed multiple grievances regarding the denial of medication; in addition, correctional officials tried, unsuccessfully to intervene on his behalf. At the time Halmon initiated this lawsuit in July 2014, he had not received any treatment or medication in the nine months he had spent at the jail. In his undated letter [document

---

1 Halmon responded to the motion to dismiss by way of three letters to the judge. The court admonishes Halmon that letters to the judge are not permitted. All documents and pleadings must: (1) bear a caption with the parties' name, the case number, and a title (such as "response to the defendant's motion to dismiss"), (2) be filed with the Clerk of Court in care of the Prisoner Correspondent, and (3) include a certificate of service showing that a copy was mailed to opposing counsel. The court will entertain no more letters from Halmon. Furthermore, the court's briefing schedule, *see* Minute Entry of December 2, 2014, provided for a response and a reply brief. The court did not grant Halmon's leave to file multiple responses to the motion to dismiss.

no. 18], Halmon reports that he finally began receiving pain medication on August 2, 2014.

On November 21, 2014, Baker filed the instant motion to dismiss.

It is well established that *pro se* complaints are to be liberally construed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing

3

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). Depending, to a certain degree, on when Halmon was shot and how much the wound had healed by the time he was arrested and booked into the jail, a gunshot wound is an arguably serious medical condition. *See United States v. Taylor*, 226 F.3d 593, 601-02 (7th Cir. 2000) (gunshot wound constituted a "serious bodily injury" for purposes of sentencing guidelines); *see also Johnson v. Hart*, No. 10 C 0240, 2011 WL 1706117, at *1 (N.D. Ill. May 5, 2011) (Zagel, J.) (inmate who claimed denial of proper post-surgical care for gunshot wounds articulated tenable Fourteenth Amendment claim). In fact, the Court already found on initial review under 28 U.S.C. § 1915A that Halmon had stated a viable deliberate indifference claim. *See* Order of August 13, 2014.

Baker's insistence that the complaint is couched in legal conclusions overlooks the basic facts: (i) Halmon had a gunshot wound; (ii) he was on at least pain medication for that injury when he was arrested; (iii) he allegedly went without his medication—or apparently any treatment at all--at the jail for over eight months, despite complaining specifically to Baker that he was in considerable distress; (iv) and Baker was presumably in a position to ensure that Halmon received proper care and treatment. The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir.

1999), or the refusal to provide pain medication prescribed by doctor, *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999). The fact that a prisoner received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," *Cavalieri v. Shepherd*, 321 F.3d 616, 624 (7th Cir. 2003), as well as by no action at all. Although the complaint is perhaps inartfully pled, Halmon has set forth facts that support an inference of deliberate indifference.

It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Greeno*, 414 F.3d at 653. Nevertheless, Halmon's allegations of deliberate indifference to his pain and suffering state an arguable claim. Halmon has stated facts suggesting that Baker failed to take any steps whatsoever to provide relief to an inmate purportedly enduring great pain from a gunshot wound. At the pleading stage of these proceedings, Baker's alleged actions (or inaction) would tend to reflect a substantial departure from accepted medical judgment, practice, or standards. Therefore, accepting Halmon's factual allegations as true, the Court concludes that he has articulated a plausible claim for relief under 42 U.S.C. § 1983.

For the foregoing reasons, Baker's motion to dismiss the complaint for failure to state a claim is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: 2/24/2015